IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL CLINCH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV371 |
| | ) | |
| v. | ) | |
| | ) | |
| CARGILL INCORPORATED, a | ) | MEMORANDUM AND ORDER |
| Delaware corporation, and | ) | |
| COMMONWEALTH ELECTRIC | ) | |
| COMPANY, a Nebraska | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on plaintiff's motion to remand (Filing No. 8). Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court denies plaintiff's motion to remand.

### BACKGROUND

Plaintiff filed an amended complaint and jury demand in the Nebraska District Court in and for Washington County on June 11, 2005, naming Cargill Incorporated ("Cargill") and plaintiff's employer, Commonwealth Electric Company ("Commonwealth") as defendants. Plaintiff alleges that he contracted the disease histoplasmosis while working in the course of his employment for

Commonwealth on land located in Blair, Nebraska, owned and controlled by Cargill.[1]

Plaintiff's complaint contains two causes of action. First, plaintiff alleges that both Cargill and Commonwealth negligently caused injury to the plaintiff by permitting the plaintiff to work on the land both defendants allegedly knew to be contaminated with a dangerous and potentially fatal fungus. Second, plaintiff asserts that Cargill is strictly liable for its failure to provide reasonable warnings concerning the dangerous condition of the property.

On August 4, 2005, Cargill, absent Commonwealth's consent, removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff has filed a motion to remand claiming that this action is not removable under 28 U.S.C. §§ 1441 or 1445(c).

## DISCUSSION

**A.  28 U.S.C. § 1441**

First, plaintiff argues that this action is not removable under 28 U.S.C. § 1441 because there is incomplete

---

[1] Histoplasmosis is a disease caused by inhaling spores of the *Histoplasma capsulatum* fungus, which grows in soil and material contaminated with excessive bat or bird droppings. Disturbance of contaminated soil causes the *H.capsulatum* spores to become airborne or aerosolized, which can develop into histoplasmosis if the spores are inhaled.  *See* Department of Health and Human Service's Histoplasmosis Fact Sheet attached to plaintiff's Amended Complaint.

-2-

diversity between the plaintiff, a Nebraska resident, and defendant Commonwealth, a Nebraska Corporation.  While Cargill does not dispute this lack of diversity, it argues that removal under §§ 1441 and 1446, absent Commonwealth's consent, was nevertheless appropriate because Commonwealth is a nominal party to the action whose citizenship is immaterial for purposes of diversity jurisdiction.  The Court agrees with Cargill.

In order for removal to be appropriate, a federal court must have original jurisdiction over the controversy.  28 U.S.C. § 1441.  Generally, in a diversity action, a court lacks original jurisdiction absent complete diversity.  However, there is an exception to this general rule for non-diverse, nominal parties. *See Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (the citizenship of nominal parties is disregarded in resolving jurisdictional issues).

To establish that a non-diverse party is a nominal party, "the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *see also Raphael v. 18 Restaurant, Inc.*, 954 F.Supp. 549, 551 (E.D.N.Y. 1996) ("A defendant is clearly nominal if the plaintiff fails to state a cause of action against the resident defendant and the

-3-

failure is obvious according to the settled rules of the state."). The issue thus becomes one of determining whether plaintiff can state a negligence claim against Commonwealth for alleged injuries suffered by the plaintiff during his course of employment at Commonwealth.

The Nebraska Workers' Compensation Act is an employee's exclusive remedy against an employer for injuries arising out of and in the course of employment. *Skinner v. Ogallala Public School Dist. No. 1,* 631 N.W.2d 510, 519 (Neb. 2001). This exclusive remedy doctrine has been interpreted to bar negligence actions against employers for injuries arising out of and in the course of employment. *Id.; Levander v. Benevolent, Protective Order of Elks U.S. of America*, 596 N.W.2d 705, 709 (Neb. 1999).

In applying this doctrine to the facts of the present case, the Court finds that plaintiff is precluded from maintaining a negligence action against Commonwealth for alleged injuries arising out of and during the course of plaintiff's employment. Plaintiff's inability to state a negligence claim against Commonwealth renders Commonwealth a mere nominal party to this action. Because Commonwealth is merely a nominal party, the Court must disregard its citizenship for purposes of establishing diversity jurisdiction. Absent Commonwealth, the Court finds that it has original jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between the

plaintiff and Cargill.  Moreover, because nominal defendants need not consent to removal, see *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002), the Court also finds that removal absent Commonwealth's consent was appropriate.

**B.  28 U.S.C. 1445(c).**

Second, plaintiff argues that this action is non-removable under 28 U.S.C. § 1445(c) because plaintiff's tort claims against Cargill and Commonwealth "arise under" Nebraska's workers' compensation laws.  The Court disagrees.

Title 28, U.S.C. § 1445(c) prohibits removal of any civil action "arising under" state workers' compensation laws. Federal law governs whether a claim "arises under" state workers' compensation laws.  *Humphrey v. Sequentia, Inc.* 58 F.3d 1238, 1245 (8th Cir. 1995).  The definition of "arising under" utilized by federal courts in interpreting § 1445(c) is the same definition utilized by the courts in interpreting § 1331 cases. *Id.; see also Ehler v. St. Paul Fire and Marine Ins. Co.*, 66 F.3d 771, 772 (5th Cir. 1995); *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989, 991 (E.D. Wis. 1984).  Hence, consistent with § 1331 cases, prior courts have held that, for purposes of § 1445(c), "a suit arises under the law that creates the cause of action." *Ehler*, 66 F.3d at 772.  Accordingly, the Court must determine whether plaintiff's tort claims, allegedly stemming from an injury occurring within the scope of plaintiff's employment,

-5-

arise under Nebraska's workers' compensation scheme. While the Eighth Circuit has yet to decide this precise issue, the Circuit's reasoning in *Humphrey v. Sequentia, Inc.*, is instructive.

In *Humphrey*, a former employee brought an action in state court against a former employer alleging retaliatory discharge in violation of Missouri's workers' compensation laws. 58 F.3d at 1240. The defendant removed the action to federal district court pursuant to § 1441(b). Plaintiff thereafter filed a motion to remand arguing that the case arose under Missouri's workers' compensation laws and was, therefore, non-removable under § 1445(c). *Id.* at 1245-1246. The district court denied plaintiff's motion stating, "an independent state common law tort action for retaliatory discharge is not a civil action arising under the workmen's compensation laws within the meaning of § 1445(c)." *Id.* at 1245. The Eighth Circuit reversed, holding that plaintiff's claim arose under state workers' compensation laws because § 287.780 of the Missouri Workers' Compensation Act expressly created an independent cause of action against an employer for retaliatory discharge. Importantly, the court explained,

> [W]e hold that plaintiff's action in state court 'arose under' Missouri's workers' compensation laws because the right established by § 287.780 is an essential element of plaintiff's claim, the

>success of plaintiff's claim will
>depend on how § 287.780 is
>construed, a genuine and present
>controversy exists with reference
>to § 287.780, and the controversy
>is disclosed upon the face of the
>complaint.

*Id.* at 1246.

In applying the rationale in *Humphrey* to the facts in the present case, the Court finds that plaintiff's tort claims do not arise under Nebraska's workers' compensation laws.  The plaintiff has not cited, nor was the Court able to locate, any provision in the Nebraska's Workers' Compensation Act expressly creating an independent civil cause of action against an employer for negligence.  In addition, neither the face of plaintiff's complaint nor any other pleadings in this case disclose any controversy regarding Nebraska's Workers' Compensation Act.  Therefore, unlike the claim in *Humphrey*, the success of plaintiff's tort claims in the present case will not depend on how any provision in Nebraska's workers' compensation statutes is construed.

This result is consistent with decisions reached in other federal jurisdictions.  *See Houston*, 597 F. Supp. at 991 (§ 1445(c) did not prevent removal because plaintiff's tort action did not "arise under" Wisconsin's workers' compensation statutes where state workers' compensation laws would play no role in determining whether plaintiff would prevail and complaint

made no mention of workers' compensation statute); *Spearman v. Exxon Coal USA Inc.*, 16 F.3d 722 (7th Cir. 1994)(common law tort claims do not arise under workers' compensation laws). Accordingly, the Court concludes that plaintiff's tort claims do not arise under Nebraska's Workers' Compensation Act and that 28 U.S.C. § 1445(c) does not bar removal.

The exclusive remedy doctrine of the Nebraska Workers' Compensation Act bars negligence actions against employers for injuries arising out of and in the course of employment. *Skinner v. Ogallala Public School Dist. No. 1,* 631 N.W.2d 510, 519 (Neb. 2001). Because the plaintiff seeks recovery from Commonwealth Electric for injuries arising out of and in the course of his employment, the Court finds, *sua sponte*, that plaintiff is precluded from maintaining a negligence action against Commonwealth Electric.

The Court's dismissal of the negligence claim against Commonwealth Electric, however, does not dismiss Commonwealth Electric as a party altogether. Commonwealth Electric remains a necessary party pursuant to Neb. Rev. Stat. § 48-118 to determine its right to subrogation for workers' compensation benefits paid or to be paid under Nebraska's Workers' Compensation Act. Accordingly,

-8-

IT IS ORDERED that plaintiff's motion to remand (Filing No. 8) is denied.

DATED this 13th day of October, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court